UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ANTHONY ARMELL BEST,

    Plaintiff,

    v.       CAUSE NO. 2:21-CV-351-PPS-JPK

LAKE COUNTY COURTS,

    Defendant.

OPINION AND ORDER

Anthony Armell Best, a prisoner without a lawyer, initiated this case by filing a document titled "Preliminary Injunction" against the Lake County Courts, asking that this court order his immediate release from prison and a monetary award of five million dollars for the false imprisonment. ECF 1. He did not file a complaint as required by Federal Rule of Civil Procedure 3 ("A civil action is commenced by filing a complaint with the court."). Nevertheless, I will construe the Preliminary Injunction as including a complaint under 42 U.S.C. § 1983 because "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Here, he names a defendant, makes clear the relief he seeks from that defendant, and explains why he believes he is entitled to that relief. Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails

to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

As an initial matter, Best cannot sue the Lake County Courts for either release from prison or for money damages. When a prisoner is seeking release from prison, the proper defendant is the person who has custody of him, not the state court that sentenced him. *See Kholyavskiy v. Achim*, 443 F.3d 946, 948-49 (7th Cir. 2006). As for money damages, local government liability under 42 U.S.C. § 1983 is dependent on an analysis of state law, and under Indiana law a superior court is not an entity that has the capacity to sue or be sued. *See* IND. CODE § 36-1-2-10; *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Therefore, the complaint does not state a claim against the defendant.

Even if Best had named a proper defendant, the allegations still do not state a claim upon which relief may be granted. His main argument is that he is falsely imprisoned because his name on the documents in the state court proceeding is "ANTHONY ARMELL BEST," but his true name is "Anthony Armell Best©," as he is a "Flesh and Blood Being Trustee Secured Party Creditor of the United States of America." ECF 1 at 3. This claim is patently frivolous. The Seventh Circuit has "repeatedly rejected . . . theories of individual sovereignty, immunity from prosecution, and their ilk." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011). "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' [t]hese theories should be rejected summarily, however they are presented." *Id*.

Best also alleges that he was tried twice for the crime for which he is imprisoned. As proof, he contrasts the December 14, 2015, trial date on the Chronological Case Summary, ECF 1-4 at 5, with the May 31, 2016, date listed for his criminal conviction on the "Cases by Name Listing Report," ECF 1-5 at 1. However, a review of the Cases by Name Listing Report shows that it does not say a jury trial was held on May 31, 2016. Instead, it states that the case was decided by jury trial and that it was statistically closed on May 31, 2016. The statistical closure date is unrelated to the date of the jury trial. It cannot be plausibly inferred from these allegations that Best was tried twice.

Finally, to the extent that Best is seeking release from prison, he cannot get that relief in a case under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement . . .."). Money damages are allowed under § 1983. But if he seeks compensation for false imprisonment, such a claim is barred by *Heck v. Humphry*, 512 U.S. 477 (1994), which held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id*. at 486-87 (footnote omitted). Best's conviction is still intact. *See Best v. State*, No. 45A03-1602-CR-447, 69 N.E.3d 951 (Ind. Ct. App. Dec. 20, 2016) (unpublished table decision) (affirming Best's conviction of a Level 4 felony dealing in cocaine). Thus, he

3

cannot bring any claim that would imply his conviction is invalid while it is still in force.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED:  November 18, 2021.

                                          /s/   Philip P. Simon
                                          PHILIP P. SIMON, JUDGE
                                          UNITED STATES DISTRICT COURT